# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Brian Nuckols,

    Plaintiff,

v.

Case No. 07-11744

HONORABLE DENISE PAGE HOOD

Federal Reserve Bank of Chicago,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss or, in the alternative, For a More Definite Statement [Dkt. #6, filed May 23, 2007]. Plaintiff filed an Amended Complaint on June 1, 2007 and a Response on June 7, 2007. Defendant filed a Reply on June 15, 2007. Plaintiff filed a Response to Defendant's Reply on June 27, 2007. A hearing on the motion was held on July 11, 2007.

### II. OVERVIEW

On April 19, 2007, Plaintiff initiated the instant suit. In the Complaint, Plaintiff alleges that Defendant Federal Reserve Bank of Chicago ("FRBC") provided him with incorrect information in a grossly negligently or fraudulent manner. (Am. Compl., at 1-2.) Plaintiff wished to file a

complaint against a Farmington Hills, Michigan branch of JP Morgan Chase Bank, N.A. ("JP Morgan") for an alleged overcharge and for poor customer service. Plaintiff thought that Defendant handled such claims and directed his complaints to Defendant. However, Defendant informed Plaintiff by letter – on three separate occasions – that the Office of the Comptroller of the Currency ("OCC") handles such complaints. Because Plaintiff did not believe that the OCC has jurisdiction of his complaint, he initiated the instant suit.

### III. STANDARD OF REVIEW & APPLICABLE LAW

#### A. Rule 12(b)(6) Dismissal

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where a plaintiff cannot establish any set of facts that would entitle him to the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In ruling on a Rule 12(b)(6) motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

#### B. Summary Judgment

Summary judgment is proper if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988). The party moving for summary judgment bears the initial burden and need not support its motion with

affidavits or other materials "negating " the opponent's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Adock v. Firestone Tire & Rubber Co.*, 822 F.2d 623, 626 (6th Cir. 1987). Rather, "the burden on the moving party may be discharged by showing . . . to the district court . . . an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325, 106 S. Ct. at 2554.

Once the moving party has met its burden of production, the nonmoving party must then go beyond the pleadings and by affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S. Ct. at 2553. The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). It must present significant probative evidence in support of its complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11, 91 L. Ed. 2d 202 (1986).

When ruling on a summary judgment motion, a district court should view the evidence in a light most favorable to the nonmoving party. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991), *cert. denied*, 503 U.S. 939, 112 S. Ct. 1481, 117 L. Ed. 2d 624 (1992). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106

S. Ct. at 2510. before others. *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988).

**IV. ANALYSIS**

It appears that Plaintiff raises claims under 12 C.F.R. §227.2, which was promulgated pursuant to Section 18(f) of the Federal Trade Commission Act, *see* 15 U.S.C. § 57(a)(f), and the Michigan Consumer Protection Act. Section 227.2 provides, in pertinent part:

> (1) Any consumer having a complaint regarding a **State member bank** is invited to submit it to the Federal Reserve System.

12 C.F.R. § 227.2(a) (emphasis added). Plaintiff alleges that JP Morgan is a State member bank and that a Federal Reserve Bank should handle his complaints pursuant to § 227.2(a). (Dkt. # 11, at 3.) Plaintiff supports his allegation with copies of several Internet web pages. (See Dkt. #11, at 7-16.) Defendant alleges that JP Morgan is not a State member bank; rather, Defendant asserts that JP Morgan is a national bank chartered under the National Bank Act and that the OCC should address Plaintiff's complaints. Defendant supports its allegation with the affidavit of David J. Rogers, an OCC employee.[1] (Dkt. #12-3, at 2.) The Court concludes that Plaintiff does not adequately rebut Defendant's allegation that JP Morgan is not a State member bank. Accordingly, Plaintiff's claim must fail, because there is no genuine issue of material fact as to whether or not JP Morgan is a § 227.2(a) State member bank.

---

[1]Because the Court relies upon the David J. Rogers affidavit, Defendant's Motion to Dismiss is treated as a Motion for Summary Judgment. Fed. R. Civ. P. 12(d).

4

Plaintiff's Michigan Consumer Protection Act ("MCPA") claim must also fail. The MCPA prohibits various deceptive activities in the "conduct of trade or commerce." MCLA § 445.903. As noted previously, Plaintiff alleges that Defendant deceptively provided Plaintiff with incorrect information. Plaintiff assumes in his allegation that Defendant's responses to Plaintiff's complaints were examples of "conduct of trade or commerce." Plaintiff, however, fails to provide any support for his assumption that Defendant's acts of responding to Plaintiff's complaints constitute trade or commerce.

Assuming that such acts did constitute trade or commerce, the MCPA specifically exempts conduct that is "specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." MCLA § 445.904(a). Congress has given the Board of Governors of the Federal Reserve System authority to promulgate and enforce regulations to define and prevent unfair or deceptive acts or practices by banks. 15 U.S.C. § 57a(f). Pursuant to this statute, the Comptroller of the Currency has established a formal complaint and investigation procedure to deal with alleged unfair or deceptive acts or practices by national banks. *Id.* The Court concludes that this regulation of the banking industry by Congress is sufficient to come within the exception set forth in MCLA § 445.904(a). *See NCNB Nat. Bank of North Carolina v. Tiller*, 814 F.2d 931, 937 (4th Cir. 1987) (holding the same with respect to the South Carolina Unfair Trade Practices Act). Under the MCLA, therefore, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Plaintiff's MCLA claim must be dismissed.

## V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss or, in the alternative, For a More Definite Statement [Dkt. #6, filed May 23, 2007] is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: January 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Brian Nuckols, P. O. Box 3444, Farmington Hills, MI 48334 on January 30, 2008, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager